Filed 8/16/23  P. v. Nguyen CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>QUOC NGUYEN NGUYEN,<br><br>    Defendant and Appellant. | G061777<br><br>(Super. Ct. No. 05ZF0092)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Quoc Nguyen Nguyen on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf.

Counsel advised the court the applicable law in this case is *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*Delgadillo, supra*, 14 Cal.5th at pp. 226, 231.) Thus, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel has found no arguable issues and including a concise recitation of facts relating to the denial of the petition. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice that the defendant has the right to file a supplemental brief or letter within 30 days, and if no brief or letter is filed, the appeal may be dismissed. (*Id.* at pp. 231-232.) If the defendant fails to file a supplemental letter or brief, the court retains discretion to conduct an independent review of the record in any particular Penal Code section 1172.6[1] appeal. (*Delgadillo*, *supra*, 14 Cal.5th at p. 370.)

On February 14, 2023, we ordered counsel to send the record of this appeal and a copy of Nguyen's brief to him immediately if these materials had not already been sent to him. Nguyen was granted 30 days to file any supplemental brief deemed necessary. Nguyen was advised if no such supplemental brief is filed the court may dismiss the appeal as abandoned. (*Delgadillo, supra,* 14 Ca1.5th at p. 232.) More than 30 days passed, and Nguyen failed to file a supplemental brief or letter. We exercise our discretion to review the record.

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code, unless otherwise indicated.

2

Counsel did not cite any issues to assist the court in conducting a discretionary independent review of the record. (*Anders, supra,* 386 U.S. at pp. 744, 745.)

We have independently reviewed the record. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion *People v. Quoc Trung Nguyen* (Aug. 17, 2009, G040185). The sole issue in this appeal is whether the trial court erred when it found Nguyen ineligible for resentencing pursuant to section 1172.6. We include here only the facts relevant to address the limited issue on appeal.

A jury convicted Nguyen of first degree murder (§ 187, subd. (a); count 1), premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a); count 2), and street terrorism (§ 186.22, subd. (a); count 3). In addition, as relevant here, the jury found true Nguyen intentionally discharged a firearm causing death in count 1 and causing great bodily injury in count 2 (§ 12022.53, subd. (d)). The court sentenced Nguyen to an indeterminate term of life without parole plus 62 years.

The trial court provided the jury a standard set of instructions, which included CALCRIM Nos. 521 (first degree murder), 735 (special circumstances: discharge of a firearm from a vehicle), 736 (special circumstances: gang related killing), and 600 (attempted murder). The court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or any other theory of imputed liability.

In March 2022, Nguyen filed a petition for resentencing pursuant to section 1172.6. The prosecution filed a response. The court appointed the public defender who filed a brief in support of Nguyen's petition. The court conducted a prima facie hearing at which the parties submitted on their briefing, and the court took the matter under

3

submission without comment.  The court issued a written statement of decision denying Nguyen's petition concluding, "The record of conviction in this case conclusively shows that petitioner was the actual shooter . . . .  This is clear from the instructions given to the jury and their verdicts and findings."  Nguyen filed a timely notice of appeal.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony-murder rule.  (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).)  Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer," who "did not act with the intent to kill," or who "was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra*, 11 Cal.5th at p. 959.)  SB 1437 also added section 1172.6 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief.  (Former § 1172.6, subd. (a).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the individuals entitled to petition for resentencing.  (Stats. 2021, ch. 551, § 1, subd. (a).)  Subdivision (a) of that section now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief.  A section 1172.6 petition is required to make "'a prima facie showing' for relief.  [Citation.]"  (*Lewis, supra*, 11 Cal.5th at p. 960.)

In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly

4

meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

Here, the trial court correctly denied Nguyen's petition because the record established he was convicted on a theory of murder and attempted murder that remain valid notwithstanding SB 1437's amendments to sections 188 and 189. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, disapproved on another ground by *Lewis, supra,* 11 Cal.5th at pp. 961-963.) Specifically, the jury instructions demonstrate Nguyen was convicted of murder and attempted murder as the actual shooter. He could not have been convicted under a felony murder theory or the natural and probable consequences doctrine because the court did not instruct the jury on these theories. We find no error.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


DELANEY, J.